UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERICO PAZ,<br><br>               Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO, STATE OF OREGON, CROOKHAM COMPANY, CANYON COUNTY SHERIFF, and ADA COUNTY SHERIFF,<br><br>               Defendants. | Case No. 1:23-cv-00448-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Pending before the Court is plaintiff/prisoner Federico Paz's civil rights action. (Dkt. 3). The Court is required to review in forma pauperis complaints seeking relief against a governmental entity or government employees to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

After reviewing the filings in this case, the Court has determined that it will dismiss Plaintiff's entire case with prejudice for the reasons that follow.

**REVIEW OF AMENDED COMPLAINT**

**1. Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Ninth Circuit has determined that a case or claim "is frivolous if it is of little weight or importance:  having no basis in law or fact." *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal citations and punctuation omitted). This definition includes allegations that have no basis in law or fact and can be described as "fanciful," "fantastic," or "delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

A complaint should not be dismissed without leave to amend unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Title 28 U.S.C. § 1915(g) provides:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## 2.  Factual Background and Discussion

Plaintiff brings a "Federal, Wrongful Death Suit and Assault" Complaint. (Dkt. 3, p. 1). It is unclear whether he is seeking a remedy for his own wrongful death (though he was later revived) (*Id.*, p. 8), or for the wrongful death of "a Mexican lady parolee from the women[']s prison in Salem [who] came to the adjacent private college to work as a cook." (*Id.*,  p. 6).

In Plaintiff's affidavit in support of his Complaint, he alleges:  "In the summer of 1982 Adrian Paz took me to OSP [Oregon State Prison] upon my release where OSP parolee of Eugene beat me to death. ISCI Rec Off Lori injected me with brain cell reviving me." (*Id.*, p. 8).

He also declares that, after the parolee went to the college, "Sue from Eugene was sent by Bill of U of O in Eugene to over power her and she eventually killed her after injecting herself with steroids because I had kicked a Black inmate at the nearby release center." (*Id.*, p. 6).

Further, Plaintiff alleges, that, "in the winter of 1982 one evening I noticed former OSCI Sgt. McQuigan in Unit 2 pulling out the intestings [sic] and stomach out with his right hand through her anus and making her drag herself while eating her intestining [sic] making sounds under the watchful eyes of inmate Max Montano of Hillsboro, Roberto Corona of Nyssa, Richardo Salinas of Hermeston [sic], and Michael Parkhurt of Twin Falls, Idaho. Max said, "He has been doing it for a year now." McQuigan said, "It was ordered by El Señior [sic] Gustavo Garcia of Pharr, Texas. My God and your God." (*Id.*, p. 7).

Regardless of whether Plaintiff seeks damages for the 1982 death of a third party, or his own 1982 death, it is clear that the "wrongful death" Complaint is frivolous, fanciful, and fails to state a claim upon which relief can be granted. Plaintiff can do nothing to cure the deficiencies of the Complaint because of the frivolous nature of the allegations. Therefore, leave to amend will not be granted. This entire lawsuit will be dismissed on the basis of frivolousness.

## ORDER

**IT IS ORDERED:**

1.  Plaintiff's Complaint (Dkt. 3) and this entire action are DISMISSED with prejudice on the grounds of frivolousness and failure to state a claim upon which relief can be granted.

2.  Plaintiff's pending motions regarding service, filing of papers, amendment, and

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

supplementation (Dkts. 1, 5, 6, 7, 8, and 9) are DENIED as MOOT.

3. Plaintiff's Motion to Disqualify Judge David C. Nye (Dkt. 10) is MOOT as a result of reassignment of this case.

4. Plaintiff Federico Paz is issued a strike under 28 U.S.C. § 1915(g) for filing a complaint containing claims that are frivolous.

5. Plaintiff shall file nothing further, and the Clerk of Court shall accept nothing further for filing from Plaintiff, in this closed case, with the exception of a notice of appeal. Plaintiff is advised that any attempted filings will not be filed and not be returned to him.

DATED: January 24, 2024

Amanda K. Brailsford
U.S. District Court Judge